# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

LESHAWN BYRD,    )
 #274816,      ) CIVIL ACTION NO. 9:10-3048-MBS-BM
          )
          )
    Petitioner,  )
          )
v.         )
          )
WARDEN BROAD RIVER  )  **REPORT AND RECOMMENDATION**
CORRECTIONAL INSTITUTION, )
          )
          )
    Respondent. )
_____)

   Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on November 29, 2010.

   The Respondent filed a return and motion for summary judgment on April 29, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 5, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on May 26, 2011.

   This matter is now before the Court for disposition.[1]

_____

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As
(continued...)



## **Procedural History**

On January 19, 2007, Petitioner robbed and sexually assaulted a University of South Carolina graduate student. Approximately one (1) hour later, Petitioner forced two (2) persons sitting in a car to drive him to certain locations and robbed them. (R.pp. 9-14).

Petitioner was indicted in March 2007 in Richland County for kidnapping [Indictment No. 07-GS-40-1181], criminal sexual conduct first (1st) degree [Indictment No. 07-GS-40-1180], possession of a firearm during the commission of a violent crime [Indictment No. 07-GS-40-1183], and armed robbery [Indictment No. 07-GS-40-1182]. (R.pp. 72-79). Petitioner was also indicted by the Richland County Grand Jury on two (2) additional counts of kidnapping and two (2) additional counts of armed robbery arising out of the second incident occurring on the same date. [Indictment No. 07-GS-40-1156-1159]. (R.pp. 6-7). Petitioner was represented by Douglas Strickler, Esquire, and on October 15, 2007, pled guilty to each of the above charges. (R.pp. 1-23). The trial judge sentenced Petitioner to an aggregate term of confinement of forty-five (45) years. (R.pp. 22, 35). Petitioner did not appeal his conviction or sentence.

On November 5, 2007, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Byrd v. State of South Carolina, No. 07-CP-40-7341. (R.pp. 24-28). Petitioner raised the following issues in his APCR:

> **Ground One**: Involuntary guilty plea.
>
> **Ground Two**: Counsel was ineffective for failing to make sure that the Petitioner was competent.
>
> **Ground Three**: Counsel was ineffective for failing to inform Petitioner of possible defenses.

---

[1](...continued)
this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Ground Four**: Counsel provided ineffective assistance because he proceeded with the guilty plea even though Petitioner told counsel that he should not go forward.

(R.p. 25, 38, 41, 46-47, 60, 63).[2]

Petitioner was represented in his APCR by Tynika Claxton, Esquire, and an evidentiary hearing was held on Petitioner's application on December 18, 2008. (R.pp. 33-61). On April 8, 2009, the PCR judge entered an order denying Petitioner's APCR in its entirety. (R.pp. 62-71).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Robert M. Pachak of the Office of Appellate Defense, who filed a Johnson[3] petition seeking to be relieved and raising the following issue:

Whether Petitioner's guilty plea was voluntarily and intelligently entered?

See Petition, p. 2.

Petitioner also filed a pro se brief dated September 9, 2009. On August 19, 2010, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. See Byrd v. State, letter order filed August 19, 2010. The Remittitur was issued on September 9, 2010.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Ineffective assistance of plea counsel.

a. Failed to advise of correct maximum punishment/failed to file notice of appeal/failed to move for continuance of plea based upon defendant's heavy medicated state/ failed to seek an independent expert evaluation in order to obtain any evidence of defendant's medical condition.

---

[2]In addition to Ground One raised in his original APCR, Petitioner also filed an Amendment to his APCR asserting several ineffective counsel claims. See Amendment filed May 7, 2007. However, the claims cited hereinabove were the only claims pursued at the hearing. (R.pp. 35-38, 41, 46-47); see also, Order filed April 8, 2009 (R.pp. 62-71).

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California,386 U.S. 738, 744 (1967).



**Ground Two:** Ineffective assistance of plea counsel.

a. Counsel advised defendant he would not receive over 30 years/failed to discuss any defenses or elements of the charged offenses with defendant.

**Ground Three:** The guilty plea was not voluntarily and intelligently entered.

a. Petitioner was diagnosed as being paranoid schizophrenic; and was taking psychotic medication at the time of the plea . . . No independent evaluation was obtained by anyone to determine his competency at time of plea . . .

**Ground Four:** South Carolina Supreme Court erred in failing to address issues in 45 day <u>Pro</u> <u>Se</u> Brief.

a. The South Carolina Supreme Court failed to address the claims in Petitioner's 45 day <u>Pro</u> <u>Se</u> Brief when they could have done so pursuant to South Carolina, Federal, and United States Supreme Court case law. The claims were presented to them fairly and squarely by Petitioner . . .

<u>See</u> <u>Petition</u>, pp. 6-11.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).



## I.

First, with respect to portions of the issues raised in Grounds One and Two of the Petition[4], Respondent correctly notes that Petitioner did not raise these issues in his APCR. Specifically, Petitioner did not raise ineffective assistance of counsel claims in his APCR based on counsel's failure to advise him of the correct maximum punishment, failure to file notice of appeal, failure to advise Petitioner that he would not receive over thirty (30) years, or failure to discuss the elements of the charged offenses with the Petitioner.[5]  Since Petitioner did not pursue these claims in his APCR or his PCR appeal,[6] they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey

---

[4]Respondent also correctly notes that Ground Four is procedurally barred.  However, since Ground Four is in a different procedural posture because it is an attack on the South Carolina Supreme Court failing to address issues presented in Petitioner's PCR appeal, the undersigned has addressed that issue separately.  See discussion, infra.

[5]Petitioner did testify in passing at the PCR hearing that he did not "think" trial counsel had gone over the elements of the charges with him; (R.p. 47); but a plain reading of the transcript from the hearing  makes clear that Petitioner's claim is that he was not advised he could use insanity to try and defeat the charges, a claim that is addressed elsewhere in this opinion.  In any event, the PCR judge correctly noted in her decision that both counsel and the Petitioner confirmed to the trial judge at the plea hearing that Petitioner had been advised about the charges he was facing. (R.pp. 3-4, 65).

[6]Again, in the Johnson Petition filed in the State Supreme Court, the statement is made that trial counsel never went over the elements of the offenses with the Petitioner as part of Petitioner's claim that his plea was not voluntarily and intelligently made.  See also, Petitioner's pro se brief. This issue was not, however, presented as a separate and distinct ineffective assistance of counsel claim, other than as part of the argument that Petitioner was not advised of how insanity could be used as a defense to the charges. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir.1999), cert. denied, 528 U.S. 959 (1999) ["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray,  68 F.3d 840, 846 (4th Cir.1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994); see also Rule 208(b)(1)(B) [ordinarily no point will be considered that is not set forth in the statement of issues on appeal].



v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted in the sense that they may not now be litigated in the state courts. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since these issues were not properly pursued to exhaustion by the Petitioner in the state courts, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.



Giving Petitioner's filings the liberal construction to which they are entitled, it appears that he may be alleging ineffective assistance of trial counsel and/or his PCR counsel as cause for his procedural default.[7] See Petitioner's Memorandum in Opposition to Summary Judgment, pp. 2-3.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation.  Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996).  Ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th

---

[7]Although Petitioner makes this argument with respect to Ground Three (which the undersigned does not find is procedurally barred), it is addressed here with respect to Grounds One and Two out of an abundance of caution.



Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932  (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).  Therefore, to the extent that Petitioner is attempting to establish "cause" by arguing that his PCR counsel was ineffective for failing to properly pursue certain claims in his APCR or PCR appeal, this argument does not provide Petitioner relief.

        As for trial counsel, it is difficult to discern how Petitioner's trial counsel's actions could have prevented him from pursuing these issues in his APCR.  In any event, to the extent Petitioner has intended to assert ineffective assistance of trial counsel as "cause" for his failure to raise these other claims, he has not properly raised and exhausted that claim in the state courts (the only ineffective assistance of counsel claims pursued and exhausted in his APCR being those claims discussed herein, <u>infra</u>).  A claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000)(quoting <u>Murray v. Carrier</u>, 477 U.S. at 489); <u>cf</u> <u>Frasier v. Maschner</u>, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting <u>Whitmill v. Armontrout</u>, 42 F.3d 1154, 1157 (8th Cir. 1994)); <u>Clemons v. Luebbers</u>, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented his ineffective assistance of counsel claim to the state court for adjudication].  Petitioner has not shown any cause for his failure to present any of these additional claims of ineffective assistance of counsel in his APCR.  Indeed, it appears that some of these underlying claims may have initially been part of the PCR action, but were not pursued.  <u>Cf.</u>



Amendment filed May 7, 2007 with PCR Order (R.pp. 62-71). Therefore, this argument cannot be used as cause for his procedural default of any such unexhausted claims. Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Petitioner also argues that these claims are not procedurally barred because they post-date Marlar v. State, 653 S.E.2d 266 (S.C. 2007)[holding that issues must be presented to and ruled on by the PCR judge to be preserved for appellate review]. However, Marlar clearly provides that if a Rule 59 motion is not filed, the claims are defaulted. Marlar, 653 S.E.2d at 266-267. In any event, Petitioner not only failed to raise these issues in a motion for reconsideration before the PCR Court, he did not address or present evidence in his PCR proceedings on these issues. Aice, 409 S.E.2d at 393; cf. Joseph, 184 F.3d at 328 ["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.].

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered. See Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional



9

violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).  To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence.  <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999).  Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999).  He has failed to do so.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed.

## II.

With respect to the remainder of Petitioner's claims presented in Grounds One through Three of the Petition, Petitioner raised the issues of ineffective assistance of counsel with respect to counsel's failure to ensure that Petitioner was competent, failure to inform Petitioner regarding the defense of insanity, and failing to follow Petitioner's instructions concerning going forward with the plea and resulting involuntary guilty plea[8] in his APCR, where he had the burden of proving the allegations in his petition.  <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986).  The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.  <u>See</u> <u>Byrd v. South Carolina</u>, No. 07-CP-40-7341.

Specifically, the PCR judge found that: 1) Petitioner's testimony was not credible; 2)

---

[8]The claim of involuntary guilty plea would normally be a direct appeal issue.  However, it was addressed by the PCR judge in her order, essentially as an ineffective assistance of counsel claim, and was thereafter presented on appeal to the South Carolina Supreme Court.  Therefore, the undersigned has addressed the merits of this claim.



there was overwhelming evidence to support that the Petitioner was in fact competent at the time of the plea such that his plea was knowing and voluntarily entered; 3) Petitioner specifically advised the trial court at the time of his plea that he was on no drugs or medications that would keep him from understanding what was going on in court; 4) counsel had explained the charges and possible penalties to the Petitioner, and Petitioner agreed that he understood and wanted to proceed with the plea; 5) Petitioner was evaluated twice and was found competent both times; 6) during the plea, trial counsel indicated that there was "no question in [his] mind that the [Petitioner was] as competent as the day is long"; 7) at the hearing, trial counsel testified regarding the Petitioner's demeanor on the day of the plea, specifically recalling that the Petitioner did not appear to be operating under any delusions or outside influence and that he was competent enough to communicate with him; 8) on cross-examination, counsel explained further that Petitioner was tearful, soft-spoken, very remorseful, and did not want to go to trial; 9) Petitioner's contention that he would have gone to trial if he had been competent was without merit; 10) according to counsel's testimony in the plea transcript, the Petitioner never displayed or stated any desire to go to trial; 11) counsel also stated that any delay in the case was not due to the Petitioner but rather counsel's need to investigate; 12) counsel reiterated several times that the Petitioner told him consistently that he did not want to go to trial; 13) instead, the Petitioner wanted to plead guilty and accept responsibility for his actions; 14) the court also noted that during his plea, Petitioner never gave any indication that he wished to proceed to trial, but rather spoke on his own behalf and apologized to the victims and to the court for his actions; 15) the evidence does not support a conclusion that Petitioner was incompetent on the day of the plea; 16) Petitioner failed to carry his burden to show that his counsel was ineffective; 17) while Petitioner asserts that his counsel should have obtained an independent third evaluation, two mental evaluations were performed and Petitioner was found to be competent in both evaluations; 18) counsel testified



that on the day of the plea the Petitioner did not appear to be operating under any delusions, outside influence, etc.; 19) counsel testified that while a third evaluation would not have hurt, he could not say it would have helped; 20) the plea transcript indicates that the Petitioner stated that he was not on medication, drugs, alcohol, or any other substance that would affect his ability to understand the proceeding; 21) there was insufficient evidence to support a reasonable probability that the Petitioner would have been found incompetent pursuant to a third evaluation; 22) Petitioner had not shown that counsel was ineffective on this basis; 23) with respect to Petitioner's contention that his counsel was ineffective for failing to inform him of the defense of insanity and that he would have gone to trial if he could have used the defense of insanity, counsel testified that he reviewed the charges and the evidence, including the possibility of involuntary intoxication as a defense; 24) after further investigation, counsel determined that there were no applicable defenses to the charge; 25) counsel also testified that he discussed the mental elements of a crime but never discussed insanity issues; 26) counsel was not ineffective since counsel's decisions and testimony comported with the evidence before the Court; 27) Petitioner's testimony at his plea hearing supported that he may have been consuming alcohol on the day of the incident; 28) this was consistent with counsel's review of possible defenses and determination that there were no applicable defenses; 29) Petitioner provided no evidence to the PCR Court that supported the possibility of an insanity defense; 30) there was no credible evidence to support that the Petitioner ever informed counsel he did not want to accept a plea or that he would have gone to trial; 31) there was insufficient evidence to support Petitioner's contention that his plea was involuntary, that counsel was ineffective, or that he was prejudiced in any way; and 32) as to any and all allegations that were or could have been raised in the petition for PCR or at the hearing in this matter, but were not raised by the Petitioner, the Petitioner waived such allegations and failed to meet his burden of proof on them.  (R.pp. 64-70).



Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since these ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was



based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard, or that his plea was unknowing or involuntary. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner claimed at the PCR hearing that he was taking medications at the time of his guilty plea and did not really know what was going on at that time, and that he told his counsel that he "felt like we shouldn't go up right there" at that time and that he was incompetent. (R.pp. 37-38, 46). Petitioner also asserted that he had been drinking at the time of the offenses, that his counsel



14

did not discuss any potential defenses with him, and that counsel should have gotten an independent evaluator to examine him. (R.pp. 39, 43). However, the record reflects that Petitioner told that plea judge that he had not taken any drugs, alcohol, or medications in the previous twenty-four hours which would keep him from understanding what has going on in court that day. (R.p. 3). The plea judge then inquired of counsel as to whether he had explained all of Petitioner's constitutional rights to him and believed that Petitioner understood them, to which counsel affirmatively replied. (R.p. 3). The plea judge explained Petitioner's rights to him, including the right to a trial by jury, and that Petitioner was waiving those rights by pleading guilty. Petitioner testified that he understood that he was giving up those rights, that he wanted to plead guilty, and that he did not want a jury trial. (R.pp. 4-5). Petitioner also testified that no one had promised him anything or threatened him to get him to plead guilty, that he was satisfied with his attorney, and that he had had all the time he needed to talk with his attorney. (R.p. 8). Petitioner testified that he had told his counsel everything about the charges so that counsel could give him good advice and that counsel had not failed to do anything that he thought needed to be done to help Petitioner with his case. (R.p. 8). Petitioner then affirmed to the plea judge that he understood all of the questions that the judge had asked him, that he had answered them truthfully, and understood that if he wanted to appeal that he would have to do so within ten (10) days. (R.p. 8).

Counsel testified at the PCR proceeding that he met with Petitioner twelve times prior to the entry of his guilty plea, including two meetings during the time when Petitioner was being evaluated at the state hospital, each of which was in excess of two hours. (R.p. 49). Counsel testified that the results of the competency evaluations were that Petitioner was competent to stand trial. (R.p. 49). Counsel testified that during these meetings with the Petitioner that he reviewed the charges, reviewed the evidence, asked Petitioner for his input on what had happened, specifically reviewed



based on Petitioner's input what had happened and his situation of that date, and the relative law or applicable law regarding voluntary intoxication as a defense. (R.p. 49). At the time of Petitioner's plea, counsel stated that he had been practicing in excess of twenty-five (25) years, and that he did not see any applicable defenses for the Petitioner. (R.p. 51). Counsel's discussions with the Petitioner prior to his evaluation led counsel to believe that Petitioner was competent, that he understood the difference between right and wrong and was not operating under any mental delusion that would render him incapable of understanding the consequences of his acts, and that he did not see the potential for either an insanity or competency defense, although he did the competency evaluation just to make sure. (R.p. 51). Counsel testified that the evidence in the case was such that he was confident that the State would be able to convict Petitioner and that Petitioner was facing about 215 years if he was convicted on all counts. (R.pp. 51-52).

Further discussing Petitioner's competency, counsel testified that Petitioner was able to factually describe to him what had happened, that he was able to understand conversations with counsel, was able to relate to counsel his version of what had happened, and did not explain to counsel that he had been operating under any delusions or any outside forces. (R.p. 53). Counsel testified that he was aware that Petitioner had been on medication for the period of time that he was at the hospital and assumed that he would have continued on that medication. (R.p. 54). Counsel testified that he discussed going to trial with Petitioner on two separate occasions and that on both occasions Petitioner stated that he wanted to plead. Further, at the time of his guilty plea, Petitioner did not want to go to trial. Counsel testified that he discussed with Petitioner that the necessary "*mens rea*"[9] must accompany criminal acts, but that he did not consider insanity as being a possible defense

---

[9]"The required *mens rea* for a particular crime can be classified into a hierarchy of culpable states of mind in descending order of culpability, as purpose, knowledge, recklessness, and
(continued...)



in Petitioner's case. (R.pp. 55-56). Counsel testified that his own independent notes at the conclusion of the second competency hearing was that Petitioner was "as competent as the day is long." (R.p. 56).

The PCR court found that Petitioner's testimony was not credible, that Petitioner was evaluated twice and found competent both times, that there was insufficient evidence to support a reasonable probability that Petitioner would have been found incompetent pursuant to a third evaluation, and that Petitioner had provided no evidence to support an insanity defense. (R.pp. 64-70). After careful review and consideration, the undersigned finds no basis in the record or the applicable caselaw to overturn the findings of the state court. Evans, 220 F.3d at 312. Petitioner has also failed to show that, even if his counsel had requested a third competency evaluation or had asserted an insanity defense, he would been found incompetent. To the contrary, other than his own unsupported speculation, which is contradicted by the record, Petitioner has offered no evidence to show that he was incompetent or insane. See Jeter v. State, 417 S.E.2d 594, 596 (S.C.1992)[Petitioner has burden of proof to show he was incompetent at time of plea].

The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The record reflects that Petitioner affirmed to the judge at his guilty plea that he understood that he was pleading guilty to the charges, that he wanted to plead guilty, that it was his

---



⁹(...continued)
negligence." State v. Jeffries, 446 S.E.2d 427, 430 (S.C. 1994).

decision, that he was pleading of his own free will, and that he understood the plea. (R.pp. 4-9). Petitioner testified that he did not want to go to trial and wanted to plead guilty, that no one had made any promises or threatened him, that he had had enough time to discuss the matter with his attorney, that he had told his counsel everything that he needed to tell him about the case, that counsel had done everything that he needed to do to help the Petitioner with his case, that he understood the questions asked of him, and that he had answered the plea judge's questions truthfully. (R.pp. 4-8). Petitioner has not provided the Court with any evidence to show that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.

Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. <u>Via v. Superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. <u>See</u> discussion, <u>supra</u>. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of these claims was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claims are without merit and should be dismissed.

### III.

In Petitioner's fourth claim for relief, he argues that the South Carolina Supreme Court erred by not reviewing the grounds asserted in his *pro se* petition, which was filed after his counsel



filed a <u>Johnson</u> petition in his PCR appeal. This claim is without merit.

First, with regard to Petitioner's claim that the state court was incorrect in its findings, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law."] Second, while Petitioner also attempts to argue that this alleged error is a violation of his constitutional rights, no federal violation has been shown and Petitioner has therefore failed to show a violation of his federal constitutional rights. See <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989)["A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the States [ ] to follow any particular federal model in those proceedings."] (O'Connor, J., concurring); <u>see</u> <u>also</u> <u>Evans v. Smith</u>, 220 F.3d 306, 312 (4th Cir. 2000)[Federal habeas relief will be granted with respect to claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law . . . ."].

In any event, with regard to the issues raised in Petitioner's *pro se* appellant brief, the undersigned has considered any issues that were not procedurally barred based on Petitioner's failure to raise and address them in his initial PCR proceedings. Therefore, those issues were not considered procedurally barred based upon Petitioner's PCR appellate counsel filing a <u>Johnson</u> petition, and have been addressed on the merits. See discussion, <u>supra</u>. Any remaining issues would have been procedurally barred based upon Petitioner's failure to raise and address them in his initial PCR proceeding. <u>See</u>, discussion, <u>supra</u>. This claim must be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 26, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).